# In the United States Court of Federal Claims

No. 21-1555C

(Filed: July 23, 2021)

**NOT FOR PUBLICATION**

| | |
|---|---|
| IRA JEROME ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Pro Se Complaint; Lack of |
| v. | ) Jurisdiction; Transfer; |
| | ) Anti-Filing Injunction. |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER</u>

On July 6, 2021, pro se plaintiff, who is incarcerated at the Allen Correctional Center in Kinder, Louisiana, filed a complaint and memorandum in support of his complaint in this court. <u>See</u> ECF No. 1 (complaint), ECF No. 1-1 (memorandum). For the following reasons, the court lacks jurisdiction to consider the merits of plaintiff's case, but will transfer the case to a court of competent jurisdiction.

I.     Background

In his complaint, plaintiff alleges that defendant

> violated his Equal Protection rights under the 14th Amendment of the United States Constitution and 42 U.S.C. § 1981 when after writing U.S. Attorney General William Barr at the U.S. Department of Justice [(DOJ)] and the Federal Bureau of Investigations [(FBI)] between the years 2019 and 2021 about investigating and filing criminal charges in-violation of Title 18 (U.S.C.) Crimes and Criminal Procedure the Attorney General and both . . . the DOJ and FBI failed to perform their official and statutory duty under federal law.

ECF No. 1 at 2; <u>see also</u> ECF No. 1-1 at 2. Plaintiff requests that the court "[p]rovide any prospective relief and a declaratory judgment; an order for the DOJ and FBI to

investigate and make arrest employees of the Amazon Corporation." ECF No. 1 at 3; see also ECF No. 1-1 at 5.

Including this case, plaintiff has filed a total of seven suits in this court, four of which have been dismissed for failure to prosecute for nonpayment of the court's filing fees. See Ross v. United States, Case No. 18-79 (dismissed for failure to prosecute); Ross v. United States, Case No. 19-1175C (dismissed for failure to prosecute and three strikes bar issued under 28 U.S.C. § 1915(g)); Ross v. United States, Case No. 20-410C (dismissed for failure to prosecute); Ross v. United States, Case No. 20-1306C (dismissed for failure to prosecute). Two of the seven cases remain pending in this court. See Ross v. United States, Case No. 21-1347C (RCFC 12(b)(1) motion to dismiss for lack of subject matter pending); Ross v. United States, Case No. 21-1460C (answer due August 9, 2021).

II.     Legal Standards

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491. That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include "claims for money damages against the United States 'founded either upon the Constitution, any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" Id. (quoting 28 U.S.C. § 1491(a)(1)).

III.    Analysis

   A.   Lack of Jurisdiction

In his complaint, plaintiff alleges that the DOJ and the FBI violated his equal protection rights. See ECF 1 at 2. This court lacks jurisdiction to consider this case because violations of constitutional rights that are not money-mandating, such as the right to equal protection, do not fall within this court's jurisdiction. See Spain v. United States, 277 F. App'x 988, 989 (Fed. Cir. 2008).

To the extent that plaintiff means to allege claims against individual federal officials, this court also lacks jurisdiction to consider such claims. "The Tucker Act

2

grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Indeed, allegations of "wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction." Sindram v. United States, 67 Fed. Cl. 788, 792 (2005) (citing 28 U.S.C. § 1346(b)).

For these reasons, the court is without jurisdiction to consider the merits of plaintiff's case.

    B.    Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631. "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already addressed the first requirement for transfer, finding that it lacks jurisdiction. With regard to the second requirement, the court finds that because plaintiff resides within the boundaries of the Western District of Louisiana, he could have filed this case in the United States District Court for the Western District of Louisiana. See 28 U.S.C. § 1391(b)(1).

As to the final requirement, the court finds that transferring this case would serve the interests of justice. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

It is not clear from the face of the complaint whether plaintiff's claim has any merit. Because this court lacks the jurisdiction to consider the merits in this case, however, the appropriate tribunal to make that determination is the United States District

3

Court for the Western District of Louisiana. Based on available information, while plaintiff has filed a number of cases before the District Court for the Western District of Louisiana, it does not appear that plaintiff has previously raised the issues in the instant complaint in that court. See, e.g., Ross v. La. Dep't of Corr., 1:15-cv-1943 (filed Jun. 18, 2015) ; Ross v. La. Dep't of Corr., 5:16-cv-327 (filed Mar. 7, 2016), Ross v. McCain, 5:17-cv-56 (filed Jan. 13, 2017); Ross v. Louisiana, 5:17-cv-1058 (filed Aug. 18, 2017); Ross v. Warner Bros. Pictures Co., 1:17-cv-1130 (filed Sept. 6, 2017); Ross v. Louisiana, 5:17-cv-1540 (filed Nov. 21, 2017); Ross v. Louisiana, 5:18-cv-117 (filed Jan. 30, 2018); Ross v. Cooley, 5:19-cv-5 (filed Jan. 2, 2019); Crawford v. LeBlanc, 1:19-cv-403 (filed Sept. 5, 2018, listing Ira Jerome Ross as a plaintiff); Ross v. LeBlanc, 1:19-cv-436 (filed Sept. 5, 2018); Ross v. U.S. Comm'r Soc. Sec., 2:19-cv-853 (filed July 7, 2019); Ross v. La. Dep't of Corr., 2:19-cv-919 (filed Jun. 5, 2019); Ross v. Louisiana, 2:20-cv-500 (filed Apr. 20, 2020); Ross v. U.S. Postal Serv., 2:21-cv-1386 (filed May 19, 2021). As such, allowing the district court to make a determination on the merits as presented in plaintiff's complaint is appropriate.

IV.   Conclusion

    Accordingly, for the foregoing reasons:

(1)   The clerk's office is directed to **TRANSFER** this case to the **United States District Court for the Western District of Louisiana**;

(2)   The clerk's office is further directed to **RETURN** any future filings not in compliance with this court's rules to plaintiff, **UNFILED**, without further order of the court;

(3)   Because plaintiff has repetitively filed complaints which needlessly consume the resources of the court, the court hereby **ENTERS** the following anti-filing injunction:

> **Ira Jerome Ross** is immediately **ENJOINED** from filing any new complaints with this Court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims to do so. Any motion for leave to file must include as an attachment a full complaint that meets all of the requirements of RCFC 8; in particular the complaint must identify the source of law supporting this court's jurisdiction over the claims asserted.

    Thus, the clerk's office is directed to **REJECT** all future complaints from Ira Jerome Ross unless filed by leave of the Chief Judge.

    IT IS SO ORDERED.

                                                          s/*Patricia E. Campbell-Smith*
                                                          PATRICIA E. CAMPBELL-SMITH
                                                          Judge