UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IRA JEROME ROSS** | : | **DOCKET NO. 2:21-CV-02327** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of mandamus filed by pro se petitioner Ira Jerome Ross on July 6, 2021, in the United States Court of Federal Claims. Doc. 1. The suit was transferred to this Court on July 23, 2021. Doc. 10.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Ross asserts that the Department of Justice (DOJ) and the Federal Bureau of Investigations have "violated his equal protection rights when after reporting various criminal complaints between the years of 2019 and 2021 the defendants never responded investigated or made any arrest which is an official and statutory duty." Doc. 18, p. 7. Through the instant suit, he asks this Court to Order the DOJ and the FBI to investigate and make arrests. *Id.*

## II.
## LAW & ANALYSIS

The relief requested by Ross cannot be granted by this Court. Decisions whether to prosecute or file criminal charges are made by the executive branch of government - charged by the Constitution to "take Care that the Laws be faithfully executed" and lie within the prosecutor's total discretion. *See Linda R.S. v. Richard D.*, 93 S. Ct. 1146, 1149 (1973); *Wilson v. Longino,* 2009 U.S. Dist. LEXIS 131868, 2009 WL 1076684, *3 (W.D. La. 2009) ("a federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. Nor may a court order prosecution of individuals at the instance of private persons." (citations omitted)); *Heckler v. Chaney*, 105 S.Ct. 1649, 1656 (1985). Furthermore, the decision as to whether an investigation will be initiated lies within the discretion of the executive branch. *See Heckler*; *supra*; *Kates v. Micieli*, 2010 U.S. Dist. LEXIS 4815, 2010 WL 55916, *1 (W.D. La. 2010) (refusing to order law investigatory agencies, such as the FBI, to conduct an investigation of plaintiff's complaints because the authority to do so lies within the discretion of the executive, rather than the judicial branch). It is not the province of this Court to inject itself into traditionally executive areas of decision making as that would implicate the constitutional principle of separation of powers. *See Wayte v. United States*, 105 S.Ct. 1524, 1531 (1985) (holding that "a request that the federal courts order investigation and prosecution of various people for various crimes . . . would improperly intrude upon the separation of powers." and that "[b]road [prosecutorial] discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.")

Accordingly, it is well settled that this Court does not have the power to order the criminal prosecution of any individual, much less order the conduct of such an investigation by the DOJ or the FBI, agencies of the executive branch of the United States government.

### III.
### CONCLUSION

For the reasons stated above, Ross cannot obtain the relief he seeks in this case. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE